IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHAWN DAVID DINWIDDIE,

                Plaintiff,

    v.

WALMART INC., CITY OF PRAIRIE DU CHIEN,
CITY OF PRAIRIE DU CHIEN POLICE DEPARTMENT,
CRAWFORD COUNTY SHERIFF'S OFFICE, and
WISCONSIN STATE PATROL,

                Defendants.

OPINION AND ORDER

25-cv-1043-wmc

---

Self-represented plaintiff Shawn David Dinwiddie has filed a complaint under 42 U.S.C. § 1983, against defendants Walmart Inc., the City of Prairie Du Chien and its police department, the Crawford County Sheriff's Office, and the Wisconsin State Patrol, alleging that they violated his due process rights when they provided or relied on false information for an employment screening. (Dkt. #1.) He also has filed an "emergency motion" for a temporary restraining order and preliminary injunction, seeking to prohibit defendants from using the disputed background-check information. (Dkt. #3.) However, before the court can address the motion for preliminary injunctive relief, it must screen this case under 28 U.S.C. § 1915(e)(2), and dismiss any claim that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant who by law cannot be sued for money damages. On review, the court accepts plaintiff's allegations as true and construes them generously, holding the amended complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

Even under this lenient standard, however, plaintiff's allegations are too vague to meet the pleading standard of Federal Rule of Civil Procedure 8, which requires a plaintiff to provide notice to the defendants of what plaintiff believes each of the defendants did to violate his

rights. Here, plaintiff does not provide any detail about what happened, when it occurred, and what each defendant did or did not do in response that he believes violates his constitutional rights.

Accordingly, the court will dismiss plaintiff's complaint without prejudice and give him a brief opportunity to file an amended complaint that fixes the problems with his claim. Plaintiff has until February 3, 2026, to file an amended complaint that complies with Rule 8. If he files an amended complaint by that date, the court will screen it, but if he files nothing, the court will dismiss this case with prejudice for failure to prosecute, under Federal Rule of Civil Procedure 41(b).

ORDER

IT IS ORDERED that:

1) Plaintiff Shawn David Dinwiddie's complaint (dkt. #1) and motion for emergency action (dkt. #3) are DISMISSED without prejudice for his failure to comply with Fed. R. Civ. P. 8.

2) Plaintiff shall have until February 3, 2026, to submit an amended complaint that corrects the deficiencies identified in this order. If plaintiff submits a proposed amended complaint by that date, the court will review it for potential jurisdictional issues, but if he files nothing, the court will dismiss this case with prejudice for failure to prosecute, under Federal Rule of Civil Procedure 41(b).

Entered this 15th day of January, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge